Kevin S. Conlogue, SBN 285277
(Kevin@LOKSC.com)
Ashley M. Conlogue, SBN 292083
(Ashley@LOKSC.com)
**THE LAW OFFICE OF KEVIN S. CONLOGUE**
292 S. La Cienega Blvd., Ste. 207
Beverly Hills, CA 90211
Tel:   (213) 255-8837
Fax:   (213) 477-2069

Phillip T. Vondra, SBN 159473
(pvondra@vondraandhanna.com)
**LAW OFFICES OF VONDRA & HANNA**
3936 Phelan Road, Suite A2
Phelan, CA 92371
Tel:   (760) 868-4346
Fax:  (760) 868-4056

Attorneys for Plaintiff
SANDRA SHAH, an individual and
successor-in-interest of SHILOH SHAH,
deceased

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA SHAH, an individual and successor-in-interest of SHILOH SHAH, deceased;<br><br>          Plaintiff,<br><br>     v.<br><br>PARKVIEW COMMUNITY HOSPITAL MEDICAL CENTER, an California entity form unknown; AHMC HEALTHCARE, INC., a California corporation; DREW CHAIN SECURITY CORPORATION, a California corporation; YANUSH SCHROM, | Case No.:<br><br>**COMPLAINT FOR DAMAGES OF**<br><br>1) **Violation of EMTALA (42 U.S.C. § 1395dd)**<br>2) **Violation of California Health and Safety Code § 1317**<br>3) **Negligence – Wrongful Death and Survival**<br>4) **Unruh Civil Rights Act Violation (Cal. Civ. Code §§ 51, 52)**<br><br>**DEMAND FOR JURY TRIAL** |

1  an individual; TYLER WILLIAMS, **DECLARATION OF SANDRA**
2  an individual; KRISTINE JUND, an **SHAH**
   individual; and, SYED SHAH, a
3  nominal defendant,

4

5          Defendants.

6

7          COMES NOW, Plaintiff, SANDRA SHAH, an individual and successor-in-

8  interest to SHILOH SHAH, deceased, for her claims against Defendants, PARKVIEW

9  COMMUNITY HOSPITAL MEDICAL CENTER, AHMC HEALTHCARE, INC.,

10 DREW CHAINS SECURITY CORPORATION, YANUSH SCHROM, TYLER

11 WILLIAMS, and KRISTINE JUND, and each of them, complains and alleges as

12 follows:

13                                 **INTRODUCTION**

14 1.      This action seeks compensatory and punitive damages from Defendants for

15 violating various rights under federal and state law in connection with the April 3,

16 2021 death of SHILOH SHAH after he was unlawfully and forcibly removed from

17 PARKVIEW COMMUNITY HOSPITAL MEDICAL CENTER after presenting to its

18 emergency room seeking medical services.

19                                    **PARTIES**

20 2.      At all times herein relevant, Plaintiff, SANDRA SHAH, an individual and

21 successor-in-interest to SHILOH SHAH, deceased ("Plaintiff"), an individual, is and

22 was a resident of the County of Cleveland, Oklahoma. Plaintiff is the mother of the

23 deceased, SHILOH SHAH (hereinafter "Decedent").  Plaintiff is the successor-in-

24 interest of Decedent as defined under C.C.P. § 377.11, and Plaintiff brings this action

25 under C.C.P. § 377.30 and 42 U.S.C. § 1395dd to the causes of action which survive

26 Decedent's death, and pursuant to C.C.P. § 377.60 for her own wrongful death

27 damages.

28

3.      Decedent is and was of Pakistani decent, and does not have any surviving spouse or issue.

4.      At all times herein relevant, Plaintiff is informed and believes, Defendant PARKVIEW COMMUNITY HOSPITAL MEDICAL CENTER, is and was a duly organized entity of unknown type, but, on information and belief, existing under the laws of the State of California.

5.      At all relevant times, Defendant AHMC HEALTHCARE, INC., a California corporation, is and was a duly organized corporation existing under the laws of the State of California. On information and belief, at all relevant times as alleged herein, AHMC HEALTHCARE, INC., owns, manages, operates, and/or controls PARKVIEW COMMUNITY HOSPITAL MEDICAL CENTER, and herein after Defendants PARKVIEW COMMUNITY HOSPITAL MEDICAL CENTER and AHMC HEALTHCARE, INC., are collectively referred to as Defendant PARKVIEW.

6.      At all relevant times, Defendant DREW CHAIN SECURITY CORPORATION, a California corporation, ("Defendant DREW CHAIN SECURITY") is and was a duly organized corporation existing under the laws of the State of California.

7.      On information and belief, Defendant YANUSH SCHROM, an individual, ("Defendant SCHROM") was at all times herein relevant, a resident of the County of Riverside, State of California. Defendant SCHROM was, at all times herein relevant, an employee of Defendant DREW CHAIN SECURITY, and in doing the acts and failing and omitting to act as hereinafter described, was acting within the course and scope of such employment.

8.      On information and belief, Defendant TYLER WILLIAMS, an individual, ("Defendant WILLIAMS") was at all times herein relevant, a resident of the County of Riverside, State of California. Defendant WILLIAMS was, at all times herein relevant, an employee of Defendant DREW CHAIN SECURITY, and in doing the

1    acts and failing and omitting to act as hereinafter described, was acting within the

2    course and scope of such employment.

3    9.     On information and belief, Defendant KRISTINE JUND, an individual,

4    ("Defendant JUND") was at all times herein relevant, a resident of the County of

5    Riverside, State of California. Defendant JUND was, at all times herein relevant, an

6    employee of Defendant PARKVIEW, and in doing the acts and failing and omitting to

7    act as hereinafter described, was acting within the course and scope of such

8    employment.

9    10.    At all times herein relevant, nominal Defendant SYED SHAH, an individual

10   and the father of decedent, is and was a resident in the State of California, and is

11   joined herein as a nominal defendant in accordance with California Code of Civil

12   Procedure section 382.

13   11.    On information and belief, Defendants PARKVIEW, DREW CHAIN

14   SECURITY, SCHROM, WILLIAMS, and JUNG, and each of them, did the acts and

15   omissions hereinafter alleged willfully, intentionally, maliciously, in bad faith and

16   with knowledge that their conduct both violated well established and settled law and

17   constituted a willful and conscious disregard for the rights and safety of Decedent.

18   12.    At all times mentioned herein, each and every defendant was the agent of each

19   and every other defendant and had the legal duty to oversee and supervise the hiring,

20   conduct and employment of each and every defendant herein.

21                          **<u>JURISDICTION AND VENUE</u>**

22   13.    This Court has jurisdiction over the parties and the subject matter of this

23   proceeding pursuant to 28 U.S.C. §§ 1331 and 1332(a)(1), and 42 U.S.C. §§ 1395dd *et*

24   *seq*.

25   14.    Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants

26   reside in, and all incidents, events, and occurrences giving rise to this action occurred

27   in County of Riverside, State of California.

28   //

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

15.     Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs, as though fully set forth herein.

16.     On April 2, 2021, Decedent was transported via ambulance to Defendant PARKVIEW with complaints consistent with drug overdose, after having admitted to using heroin. He was admitted and subsequently tested positive for opiates and amphetamine. He had a documented medical history of hyponatremia, elevated transaminases, hyperbilirubinemia, tachycardia, uncontrolled hypertension and illicit drug use. He left the hospital that evening against medical advice.

17.     On April 3, 2021, a 9-1-1 call was placed for Decedent who was prone on a public sidewalk, in distress. He reported recent drug use and stated a need for emergency medical care. He was examined and found to be suffering from tachycardia.

18.     He was transported via ambulance to Defendant PARKVIEW at approximately 7:16 p.m. on April 3, 2021.

19.     On information and belief, Decedent was then triaged and placed in the emergency room waiting room.

20.     On information and belief, at approximately 7:30 p.m. on April 3, 2021, Decedent was approached by Defendant SCHROM, who asked the Decedent to put on a face mask in compliance with the hospital's COVID protocols. However, Decedent was non-responsive, and only provided "grunting" noises in response.

21.     Despite Defendant PARKVIEW's actual knowledge of Decedent's medical history, current medical condition, and admitted recent drug use, no medical evaluation was then provided to Decedent to determine whether his failure to meaningfully respond was due to an emergency medical condition.

22.     Defendant SCHROM consulted with an employee of Defendant PARKVIEW, Defendant JUND, as to whether she wanted to "discharge" Decedent for being non-complaint with COVID protocols.

23.     Defendant JUND directed Defendant SCHROM to inquire of Decedent whether he needed medical treatment, and if Defendant SCHROM received no response from DECEDENT, to escort DECEDENT off the property. This was despite the fact that:

      a.   Decedent had already requested emergency medical treatment, and been transported to the hospital via ambulance to seek the same;

      b.   Defendants JUND and PARKVIEW were aware that Decedent was then suffering from, at least, tachycardia, a serious and potentially life-threatening condition;

      c.   Defendants JUND and PARKVIEW were aware that Decedent had been hospitalized less than 24 hours earlier, and left the hospital against medical advice;

      d.   Defendants were aware that Decedent was then non-verbal for unknown reasons, and after having admitted to recent intravenous drug use.

24.     Defendant SCHROM followed Defendant JUND's orders, and Decedent continued to be non-responsive. Accordingly, Defendant SCHROM, together with Defendant WILLIAMS, forcibly removed Decedent from Defendant PARKVIEW's premises.

25.     Specifically, Defendant SCHROM and Defendant WILLIAMS pushed Decedent's wheelchair to the grassy area to the North-West of Defendant PARKVIEW's premises. Once at the grassy area, Defendant SCHROM suddenly, forcefully, and without warning engaged the wheelchair's braking system, which caused Decedent to fall from the wheelchair onto the ground.

26.     After falling to the ground, Decedent made "grunting" noises, but neither Defendant SCHROM nor Defendant WILLIAMS took any action to physically

1  determine whether Decedent had suffered any injury, or was otherwise alright.

2  Defendants SCHROM and WILLIAMS then abandoned Decedent in the grassy area.

3  27.     On information and belief, prior to being removed from Defendant

4  PARKVIEW's premises, Decedent was not provided any medical examination by any

5  medical doctor.

6  28.     Several minutes after being "dumped" in the grass by Defendants SCHROM

7  and WILLIAMS, Decedent stumbled across the street, where he collapsed. He did not

8  move for a lengthy period of time, after which witnesses called for an ambulance.

9  29.     At approximately 9:15 p.m., Riverside Fire Department arrived and found

10 Decedent deceased.

**FIRST CLAIM FOR RELIEF**

**Violation of EMTALA (42 U.S.C. § 1395dd)**

**(On Behalf of Plaintiff Against Defendant PARKVIEW)**

14 30.     Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through

15 29, as though fully set forth herein.

16 31.     Defendant PARKVIEW is licensed by the State of California to provide

17 emergency room services. The hospital holds itself out to the public as providing

18 emergency services.

19 32.     Under EMTALA's statutory and regulatory provisions, Defendant PARKVIEW

20 had a duty to provide an appropriate emergency screening examination to all patients

21 who come into its emergency room seeking examination or treatment, without regard

22 to their ability to pay for emergency medical services or any other factor.

23 33.     Defendant PARKVIEW failed to provide Decedent with an appropriate

24 emergency screening examination on April 3, 20121. Rather, Defendant PARKVIEW

25 wrongfully forcefully removed Decedent from their property prior to him receiving

26 any appropriate medical screening examination, despite the fact that Defendant

27 PARKVIEW was actually aware of Decedent's need for emergent treatment,

28 including but not limited to:

a.  Decedent's recent hospitalization;

b.  Decedent's documented pre-existing conditions;

c.  Decedent's documented request for emergency medical treatment;

d.  Decedent's documented then-existing tachycardia;

e.  Decedent's admitted recent drug-use;

f.  Decedent's then-existing concerning behavior, including but not limited to his being non-responsive in the emergency room waiting room.

34.     As a direct and proximate result of the death of Decedent by the above-described conduct of Defendant PARKVIEW, Plaintiff has sustained substantial economic damages and non-economic damages of pain and suffering resulting from the loss of the love, companionship, comfort, affection, society, attention, services, moral support, and wrongful death damages of this Decedent in an amount according to proof at trial.

35.     As a direct and proximate result of the death of Decedent by the above-described conduct of Defendant PARKVIEW, the Decedent sustained economic damages and general damages, including pre-death pain and suffering, and loss of enjoyment of life and other hedonic damages in an amount according to proof at trial.

36.     The conduct of Defendant PARKVIEW was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Decedent, and therefore warrants the imposition of exemplary and punitive damages, including any civil penalties, as to Defendant PARKVIEW.

## SECOND CLAIM FOR RELIEF

### California Health and Safety Code § 1317

**(On Behalf of Plaintiff Against All Defendants, except nominal Defendant SYED SHAH)**

37.     Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 36, as though fully set forth herein.

38.     Defendant PARKVIEW is licensed by the State of California to provide emergency room services. The hospital holds itself out to the public as providing emergency services.

39.     Under the statutory and regulatory provisions under California Health and Safety Code § 1317, *et seq.,* ("section 1317") Defendants PARKVIEW, DREW CHAIN SECURITY, SCHROM, WILLIAMS, and JUNG had a duty to provide an appropriate emergency screening examination to all patients who come into its emergency room seeking examination or treatment, without regard for their ability to pay or any other factor.

40.     Defendants PARKVIEW, DREW CHAIN SECURITY, SCHROM, WILLIAMS, and JUNG failed to provide Decedent with an appropriate emergency screening examination on April 3, 20121. Rather, Defendants PARKVIEW, DREW CHAIN SECURITY, SCHROM, WILLIAMS, and JUNG wrongfully forcefully removed Decedent from their property prior to him receiving any appropriate medical screening examination, despite the fact that Defendants PARKVIEW, DREW CHAIN SECURITY, SCHROM, WILLIAMS, and JUNG was actually aware of Decedent's need for emergent treatment, including but not limited to:

      a.   Decedent's recent hospitalization;

      b.   Decedent's documented pre-existing conditions;

      c.   Decedent's documented request for emergency medical treatment;

      d.   Decedent's documented then-existing tachycardia;

      e.   Decedent's admitted recent drug-use;

      f.   Decedent's then-existing concerning behavior, including but not limited to his being non-responsive in the emergency room waiting room.

41.     As a direct and proximate result of the death of Decedent by the above-described conduct of Defendants PARKVIEW, DREW CHAIN SECURITY, SCHROM, WILLIAMS, and JUNG, Plaintiff has sustained substantial economic damages and non-economic damages of pain and suffering resulting from the loss of

the love, companionship, comfort, affection, society, attention, services, moral support, and wrongful death damages of this Decedent in an amount according to proof at trial.

42.    As a direct and proximate result of the death of Decedent by the above-described conduct of Defendants PARKVIEW, DREW CHAIN SECURITY, SCHROM, WILLIAMS, and JUNG, the Decedent sustained economic damages and general damages, including pre-death pain and suffering, and loss of enjoyment of life and other hedonic damages in an amount according to proof at trial.

43.    The conduct of Defendants PARKVIEW, DREW CHAIN SECURITY, SCHROM, WILLIAMS, and JUNG was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Decedent, and therefore warrants the imposition of exemplary and punitive damages, including any civil penalties, as to Defendants PARKVIEW, DREW CHAIN SECURITY, SCHROM, WILLIAMS, and JUNG.

## THIRD CLAIM FOR RELIEF

### Negligence – Wrongful Death and Survival

### (On Behalf of Plaintiff Against All Defendants, except nominal Defendant SYED SHAH)

44.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 43, as though fully set forth herein.

45.    Defendant PARKVIEW owed Decedent a duty under state and federal law to provide him with an appropriate emergency screening examination, and owed Decedent a duty of reasonable care. Additionally, Defendant PARKVIEW is vicariously liable for the acts and omissions of its employees and agents, including Defendant JUND, DREW CHAIN SECURITY, WILLIAMS, and SCHROM.

46.    Defendant PARKVIEW breached its duty to Decedent by failing to provide him with an appropriate emergency screening examination, despite actual knowledge as to Decedent's need for the same.

47.     Defendant DREW CHAIN SECURITY is vicariously liable for the acts and omissions of its employees and agents, including Defendants WILLIAMS and SCHROM.

48.     Defendants DREW CHAIN SECURITY, SCHROM, and WILLIAMS owed Decedent a duty of reasonable care.

49.     Defendants DREW CHAIN SECURITY, SCHROM, and WILLIAMS breached their duty of care to Decedent by, *inter alia*:

      a.   forcefully removing Decedent from the emergency room, despite having actual or constructive knowledge of his need for emergency medical treatment;

      b.   intentionally, forcefully ejecting Decedent from his wheelchair, such that he fell onto the ground; and

      c.   failing to provide medical aid or request medical care for Decedent after causing him to fall to the ground.

50.     Defendant JUND owed Decedent a duty of reasonable care.

51.     Defendant JUND  breached her duty of care to Decedent by causing Decedent to be forcefully removed from the emergency room, despite having actual or constructive knowledge of his need for emergency medical treatment.

52.     All of these negligent acts proximately caused Decedent's death on or about April 3, 2021.

53.     As a direct and proximate result of the death of Decedent by the above-described conduct of Defendants PARKVIEW, DREW CHAIN SECURITY, SCHROM, WILLIAMS, and JUNG, Plaintiff has sustained substantial economic damages and non-economic damages of pain and suffering resulting from the loss of the love, companionship, comfort, affection, society, attention, services, moral support, and wrongful death damages of this Decedent in an amount according to proof at trial.

54.     As a direct and proximate result of the death of Decedent by the above-described conduct of Defendants PARKVIEW, DREW CHAIN SECURITY, SCHROM, WILLIAMS, and JUNG, the Decedent sustained economic damages and general damages, including pre-death pain and suffering, and loss of enjoyment of life and other hedonic damages in an amount according to proof at trial.

55.     The conduct of Defendants PARKVIEW, DREW CHAIN SECURITY, SCHROM, WILLIAMS, and JUNG was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Decedent, and therefore warrants the imposition of exemplary and punitive damages as to Defendants PARKVIEW, DREW CHAIN SECURITY, SCHROM, WILLIAMS, and JUNG.

### FOURTH CLAIM FOR RELIEF

**Unruh Civil Rights Act Violation (Cal. Civil Code §§ 51, 52)**

**(On Behalf of Plaintiff Against All Defendants, except nominal Defendant SYED SHAH)**

56.     Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 55, as though fully set forth herein.

57.     At all relevant times as alleged herein, Defendants PARKVIEW, DREW CHAIN SECURITY, SCHROM, WILLIAMS, and JUNG denied, aided, incited a denial of, discriminated, and made a distinction that denied full and equal accommodations, advantages, facilities, privileges, and services to Decedent.

58.     At all relevant times as alleged herein, a substantial motivating reason for Defendants' PARKVIEW, DREW CHAIN SECURITY, SCHROM, WILLIAMS, and JUNG conduct was their perception of Decedent's national origin and medical condition.

59.     As a legal, direct, and proximate result of the aforementioned conduct of Defendants, Decedent was harmed, and Defendants' conduct was a substantial factor in causing Decedent's harm.

60.     As a direct and proximate result of the death of Decedent by the above-described conduct of Defendants PARKVIEW, DREW CHAIN SECURITY, SCHROM, WILLIAMS, and JUNG, Plaintiff has sustained substantial economic damages and non-economic damages of pain and suffering resulting from the loss of the love, companionship, comfort, affection, society, attention, services, moral support, and wrongful death damages of this Decedent in an amount according to proof at trial.

61.     As a direct and proximate result of the death of Decedent by the above-described conduct of Defendants PARKVIEW, DREW CHAIN SECURITY, SCHROM, WILLIAMS, and JUNG, the Decedent sustained economic damages and general damages, including pre-death pain and suffering, and loss of enjoyment of life and other hedonic damages in an amount according to proof at trial.

62.     As a direct and proximate result of the foregoing, Decedent has damages as recited above and hereby demands and is entitled to damages, including, but not limited to, general, special and punitive damages, treble compensatory damages, attorney's fees, and any other relief allowable at law or in equity.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff hereby prays for judgment against Defendants, and each of them, except for nominal defendant SYED SHAH, as follows:

1. For general, special, compensatory, loss of life, and hedonic damages in the amount to be proven at trial;

2. For punitive damages in an amount to be proven at trial;

3. For interest;

4. For costs;

5. For attorneys' fees;

6. Any civil penalties, including treble damages and a minimum of $4,000.00 according to proof; and,

//

1      7.  For such further other relief as the Court may deem just, proper, and appropriate.

2

3

4  Date: February 28, 2022     **THE LAW OFFICE OF KEVIN S. CONLOGUE**
                                        **LAW OFFICES OF VONDRA & HANNA**

5

6

7                          By:   /s/Ashley M. Conlogue_____
                            Kevin S. Conlogue, Esq.

8                          Ashley M. Conlogue, Esq.

9                          Phillip T. Vondra, Esq.

10

11                          Attorneys for Plaintiff, SANDRA SHAH, an
                          individual and successor-in-interest to SHILOH

12                          SHAH, deceased

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## __DEMAND FOR JURY TRIAL__

2

Plaintiff hereby demands a trial by jury.

3

4

Date: February 28, 2022       **THE LAW OFFICE OF KEVIN S. CONLOGUE**
                              **LAW OFFICES OF VONDRA & HANNA**

5

6

By:  __/s/Ashley M. Conlogue_____

7

Kevin S. Conlogue, Esq.

8

Ashley M. Conlogue, Esq.
Phillip T. Vondra, Esq.

9

10

Attorneys for Plaintiff, SANDRA SHAH, an individual

11

and successor-in-interest to SHILOH SHAH, deceased

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DECLARATION OF SANDRA SHAH

I, Sandra Shah, declare that if called as a witness, I could and would testify competently to the following, of my own personal knowledge:

1.  Shiloh Shah ("Decedent") is deceased.
2.  Decedent passed away on or about April 3, 2021, in County of Riverside, State of California.
3.  No proceeding is now pending in California for administration of the Decedent's estate.
4.  I am the Decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeed to the Decedent's interest in an action or proceeding.
5.  No other person has a superior right to commence the action or proceeding or to be substituted for the Decedent in a pending action or proceeding as I am his mother, other than Syed Shah, who is Decedent's father.
6.  Attached hereto as Exhibit 1 is a true and correct copy of Decedent's death certificate and is incorporated herein.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 26, 2021, at Norman, Oklahoma.

*Sandra D Shah*
_____
Sandra Shah

EXHIBIT 1

CERTIFICATION OF VITAL RECORD

# COUNTY OF RIVERSIDE
### RIVERSIDE, CALIFORNIA

| 3052021103143 | **CERTIFICATE OF DEATH** | 3202133006961 |
|---|---|---|
| STATE FILE NUMBER | STATE OF CALIFORNIA<br>USE BLACK INK ONLY / NO ERASURES, WHITEOUTS OR ALTERATIONS<br>VS-11 (REV 3/00) | LOCAL REGISTRATION NUMBER |

**DECEDENT PERSONAL DATA**

| 1. NAME OF DECEDENT—FIRST (Given) | 2. MIDDLE | 3. LAST (Family) | | |
|---|---|---|---|---|
| SHILOH | JUSTIN | SHAH | | |

AKA, ALSO KNOWN AS – include full AKA (FIRST, MIDDLE, LAST)

| 4. DATE OF BIRTH mm/dd/ccyy | 5. AGE Yrs. | IF UNDER ONE YEAR Months Days | IF UNDER 24 HOURS Hours Minutes | 6. SEX |
|---|---|---|---|---|
| 09/04/1995 | 25 | | | M |

| 9. BIRTH STATE/FOREIGN COUNTRY | 10. SOCIAL SECURITY NUMBER | 11. EVER IN U.S. ARMED FORCES? YES [X] NO UNK | 12. MARITAL STATUS/SRDP* (at Time of Death) NEVER MARRIED | 7. DATE OF DEATH mm/dd/ccyy 04/03/2021 | 8. HOUR (24 Hours) 2124 |
|---|---|---|---|---|---|
| MS | | | | | |

| 13. EDUCATION – highest Level/Degree (see worksheet on back) HS GRADUATE | 14/15. WAS DECEDENT HISPANIC/LATINO/A/x/SPANISH? (if yes, see worksheet on back) YES [X] NO | 16. DECEDENT'S RACE – Up to 3 races may be listed (see worksheet on back) WHITE |
|---|---|---|

| 17. USUAL OCCUPATION – Type of work for most of life. DO NOT USE RETIRED CONSTRUCTION WORKER | 18. KIND OF BUSINESS OR INDUSTRY (e.g., grocery store, road construction, employment agency, etc.) CONSTRUCTION | 19. YEARS IN OCCUPATION 1 |
|---|---|---|

**USUAL RESIDENCE**

| 20. DECEDENT'S RESIDENCE (Street and number, or location) 29444 ROCK POINT | | | | |
|---|---|---|---|---|
| 21. CITY LAKE ELSINORE | 22. COUNTY/PROVINCE RIVERSIDE | 23. ZIP CODE 92530 | 24. YEARS IN COUNTY 25 | 25. STATE/FOREIGN COUNTRY CA |

**INFORMANT**

| 26. INFORMANT'S NAME, RELATIONSHIP KRYSTAL JENKINS, SISTER | 27. INFORMANT'S MAILING ADDRESS (Street and number, or rural route number, city or town, state and zip) 2912 TARA LANE, NORMAN, OK 73069 |
|---|---|

**SPOUSE/SRDP AND PARENT INFORMATION**

| 28. NAME OF SURVIVING SPOUSE/SRDP*–FIRST | 29. MIDDLE | 30. LAST (BIRTH NAME) |
|---|---|---|
| | | |

| 31. NAME OF FATHER/PARENT–FIRST SYED | 32. MIDDLE IRTIZAALI | 33. LAST SHAH | 34. BIRTH STATE PAKISTAN |
|---|---|---|---|
| 35. NAME OF MOTHER/PARENT–FIRST SANDRA | 36. MIDDLE DALE | 37. LAST (BIRTH NAME) JOLLY | 38. BIRTH STATE CA |

**FUNERAL DIRECTOR / LOCAL REGISTRAR**

| 39. DISPOSITION DATE mm/dd/ccyy 04/13/2021 | 40. PLACE OF FINAL DISPOSITION RES SANDY SHAH 3360 PALOMINO WAY, NORMAN, OK 73071 | | |
|---|---|---|---|
| 41. TYPE OF DISPOSITION(S) CR/TR/RES | 42. SIGNATURE OF EMBALMER ▶ HOLLY HERRERA | | 43. LICENSE NUMBER EMB9670 |
| 44. NAME OF FUNERAL ESTABLISHMENT WALKER FAMILY FUNERAL SERVICES, INC. | 45. LICENSE NUMBER FD1844 | 46. SIGNATURE OF LOCAL REGISTRAR ▶ GEOFFREY LEUNG, M.D., ED. M. | 47. DATE mm/dd/ccyy 04/13/2021 |

**PLACE OF DEATH**

| 101. PLACE OF DEATH GRASS AREA IN FRONT OF HUNT PARK | 102. IF HOSPITAL, SPECIFY ONE IP ER/OP DOA | 103. IF OTHER THAN HOSPITAL, SPECIFY ONE Hospice Nursing Home/LTC Decedent's Home [X] Other |
|---|---|---|
| 104. COUNTY RIVERSIDE | 105. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number, or location) 4027 JACKSON ST | 106. CITY RIVERSIDE |

**CAUSE OF DEATH**

| 107. CAUSE OF DEATH | Enter the chain of events — diseases, injuries, or complications — that directly caused death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. | | 108. DEATH REPORTED TO CORONER? [X] YES NO |
|---|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) | (A) PENDING | Time Interval Between Onset and Death (AT) | 2021-05018 |
| Sequentially, list conditions, if any, leading to cause on Line A. Enter UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST | (B) | (BT) | 109. BIOPSY PERFORMED? YES [X] NO |
| | (C) | (CT) | 110. AUTOPSY PERFORMED? [X] YES NO |
| | (D) | (DT) | 111. USED IN DETERMINING CAUSE? [X] YES NO |

| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 |
|---|
| |

| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? (If yes, list type of operation and date.) | 113A. IF FEMALE, PREGNANT IN LAST YEAR? YES NO UNK |
|---|---|

**PHYSICIAN'S CERTIFICATION**

| 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. Decedent Attended Since Decedent Last Seen Alive (A) mm/dd/ccyy (B) mm/dd/ccyy | 115. SIGNATURE AND TITLE OF CERTIFIER | 116. LICENSE NUMBER | 117. DATE mm/dd/ccyy |
|---|---|---|---|
| | 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE | | |

**CORONER USE ONLY**

| 119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. MANNER OF DEATH Natural Accident Homicide Suicide [X] Pending Investigation Could not be determined | 120. INJURED AT WORK? YES NO UNK | 121. INJURY DATE mm/dd/ccyy | 122. HOUR (24 Hours) |
|---|---|---|---|
| 123. PLACE OF INJURY (e.g., home, construction site, wooded area, etc.) | | | |
| 124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) | | | |
| 125. LOCATION OF INJURY (Street and number, or location, and city and zip) | | | |

| 126. SIGNATURE OF CORONER / DEPUTY CORONER ALLISON M DOUBLEDAY | 127. DATE mm/dd/ccyy 04/13/2021 | 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER ALLISON M DOUBLEDAY, DEP CORONER |
|---|---|---|

| STATE REGISTRAR | A | B | C | D | E | FAX AUTH.# | CENSUS TRACT |
|---|---|---|---|---|---|---|---|

**CERTIFIED COPY OF VITAL RECORD**

*104000100492522302*

STATE OF CALIFORNIA
COUNTY OF RIVERSIDE } SS

This is a true and exact reproduction of the document officially registered and placed on file by the Riverside University Health System, Department of Public Health.

*001934694*

Dr. Cameron Kaiser, M.D., County Health Officer
RIVERSIDE COUNTY, CALIFORNIA

DATE ISSUED **Apr 19, 2021**   1/2

This copy is not valid unless prepared on an engraved border, displaying the date, seal, and signature of the Registrar.
PRINCO (Rev) 6/9/16

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE



# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# COUNTY OF RIVERSIDE
### RIVERSIDE, CALIFORNIA

**AFFIDAVIT TO AMEND A RECORD**
NO ERASURES, WHITEOUTS, PHOTOCOPIES, OR ALTERATIONS

3052021103143
STATE FILE NUMBER

3202133006961
LOCAL REGISTRATION NUMBER

1.1

☐ BIRTH   ☒ DEATH   ☐ FETAL DEATH

TYPE OR PRINT CLEARLY IN BLACK INK ONLY – THIS AMENDMENT BECOMES AN ACTUAL PART OF THE OFFICIAL RECORD

**PART I   INFORMATION TO LOCATE RECORD**

INFORMATION AS IT APPEARS ON ORIGINAL RECORD

| 1A. NAME—FIRST | 1B. MIDDLE | 1C. LAST |
|---|---|---|
| SHILOH | JUSTIN | SHAH |

| 2. SEX | 3. DATE OF EVENT—MM/DD/CCYY | 4. CITY OF EVENT | 5. COUNTY OF EVENT |
|---|---|---|---|
| M | 04/03/2021 | RIVERSIDE | RIVERSIDE |

| 6. FULL NAME OF FATHER/PARENT AS STATED ON ORIGINAL RECORD | 7. FULL NAME OF MOTHER/PARENT AS STATED ON ORIGINAL RECORD |
|---|---|
| SYED IRTIZAALI SHAH | SANDRA DALE JOLLY |

**PART II   STATEMENT OF CORRECTIONS TO BIRTH, DEATH, OR FETAL DEATH RECORD**

LIST ONE ITEM PER LINE

| 8. ITEM NUMBER TO BE CORRECTED | 9. INCORRECT INFORMATION THAT APPEARS ON ORIGINAL RECORD | 10. CORRECTED INFORMATION AS IT SHOULD APPEAR |
|---|---|---|
| 4 | 09/04/1995 | 09/14/1995 |

REASON FOR CORRECTION

11. TO CORRECT RECORD

AFFIDAVITS AND SIGNATURES

We, the undersigned, hereby certify under penalty of perjury that we have personal knowledge of the above facts and that the information given above is true and correct.

TWO PERSONS MUST SIGN THIS FORM TO CORRECT A BIRTH, DEATH, OR FETAL DEATH RECORD

| 12A. SIGNATURE OF FIRST PERSON ► ERICA MEDRANO | 12B. PRINTED NAME ERICA MEDRANO | 12C. TITLE/RELATIONSHIP TO PERSON IN PART I FUNERAL ARRANGER |
|---|---|---|
| 12D. ADDRESS (STREET and NUMBER, CITY, STATE, ZIP) 1118 E 6TH ST, CORONA, CA 92879 | | 12E. DATE SIGNED—MM/DD/CCYY 04/14/2021 |
| 13A. SIGNATURE OF SECOND PERSON ► CHRISTINA VALENZUELA | 13B. PRINTED NAME CHRISTINA VALENZUELA | 13C. TITLE/RELATIONSHIP TO PERSON IN PART I FUNERAL ARRANGER |
| 13D. ADDRESS (STREET and NUMBER, CITY, STATE, ZIP) 4933 LA SIERRA AVE, RIVERSIDE, CA 92505 | | 13E. DATE SIGNED—MM/DD/CCYY 04/14/2021 |

STATE/LOCAL REGISTRAR USE ONLY

| 14. OFFICE OF VITAL RECORDS OR LOCAL REGISTRAR ► STATE REGISTRAR - OFFICE OF VITAL RECORDS | 15. DATE ACCEPTED FOR REGISTRATION 04/14/2021 |
|---|---|

STATE OF CALIFORNIA, DEPARTMENT OF PUBLIC HEALTH, OFFICE OF VITAL RECORDS

*020101004931199*

FORM VS 24e (REV. 1/08)
1.1

## CERTIFIED COPY OF VITAL RECORD

STATE OF CALIFORNIA
COUNTY OF RIVERSIDE } SS

This is a true and exact reproduction of the document officially registered and placed on file by the Riverside University Health System, Department of Public Health.

*001934693*





DATE ISSUED **Apr 19,2021**   **2/2**

Dr. Cameron Kaiser, M.D., County Health Officer
RIVERSIDE COUNTY, CALIFORNIA

This copy is not valid unless prepared on an engraved border, displaying the date, seal, and signature of the Registrar.
PRNCO (Rev.) 08/18

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE