Kevin S. Conlogue, SBN 285277
(Kevin@LOKSC.com)
Ashley M. Conlogue, SBN 292083
(Ashley@LOKSC.com)
**THE LAW OFFICE OF KEVIN S. CONLOGUE**
292 S. La Cienega Blvd., Ste. 207
Beverly Hills, CA 90211
Tel:   (213) 255-8837
Fax:   (213) 477-2069

Phillip T. Vondra, SBN 159473
(pvondra@vondraandhanna.com)
**LAW OFFICES OF VONDRA & HANNA**
3936 Phelan Road, Suite A2
Phelan, CA 92371
Tel:   (760) 868-4346
Fax:   (760) 868-4056

Attorney for Plaintiff
SANDRA SHAH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA SHAH, an individual and successor-in-interest of SHILOH SHAH, deceased;<br><br>     Plaintiff,<br><br>  v.<br><br>DREW CHAIN SECURITY CORPORATION, a California corporation; PARKVIEW COMMUNITY HOSPITAL MEDICAL CENTER, an California entity form unknown; AHMC HEALTHCARE, INC., a California corporation; YANUSH SCHROM, an individual; TYLER WILLIAMS, an | Case No.: 2:22-cv-01335-FWS-GJS<br><br>**PLAINTIFF'S PROPOSED SCHEDULING ORDER** |

**PLAINTIFF'S PROPOSED SCHEDULING ORDER**

1

individual; KRISTINE JUND, an individual; and, SYED SHAH, a nominal defendant,

      Defendants.

TO THE COURT:

Plaintiff SANDRA SHAH ("Plaintiff") respectfully submits this Proposed Scheduling Order:

## I. STATEMENT OF THE CASE

Plaintiff's First Cause of action for violation of EMTALA (42 U.S.C. § 1395dd) is the only claim pending in this court. The other three claims previously contained in Plaintiff's Fourth Amended Complaint are currently pending in Riverside Superior Court.

## II. SUBJECT MATTER JURISDICTION

Plaintiff's claims arise under 42 U.S.C. section 1395dd ("EMTALA"). This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 1331 and 1332(a)(1), and 42 U.S.C. §§ 1395dd *et seq.* This court previously declined jurisdiction over Plaintiff's previously alleged state law claims, which have been re-filed in state court and are currently pending.

## III. STATUS OF PLEADINGS

Defendant Drew Chain Security Corporation filed an answer on April 3, 2023 [Dkt. No. 135]. Defendants Schrom and Williams were defaulted on April 13, 2024 [Dkt. Nos. 150, 151]. Defendants Kristine Lund, Parkview Community Hospital Medical Center, and AHMC Healthcare, Inc. all are overdue in filing answers. Plaintiff proposes that such answers be filed no later than **October 10, 2024.**

## IV. OUTSTANDING MOTIONS

Defendants Christine Lund, AHMC Healthcare, Inc, and Parkview Commuity Hopsital have pending Motions for Summary Judgment. Plaintiff requests that such

**PLAINTIFF'S PROPOSED SCHEDULING ORDER**

2

motions be heard on **October 31, 2024 at 10:00 a.m.,** with an allowance for optional supplemental briefing to address additional facts due on or before **October 17, 2024.**

## V.   STATUS OF DISCOVERY

Fact discovery was previously cut-off on April 18, 2023 [Dkt No. 64]. And expert discovery was previously cut-off on May 30, 2023 [Dkt. No. 64]. This court's prior order granting Defendants' Motion to Dismiss was issued about two months after that date, on July 18, 2024. [Dkt. No. 174]. It is Plaintiff's position that all discovery is closed, and should remain closed. (The parties do have a stipulation that all discovery taken in this federal action is applicable to the pending state court action, and *vice versa*. However, such an agreement should have no bearing on the discovery cut-off in this action.

Defendants gave notice that they intend to see to re-open expert discovery for the purpose of designating an additional expert. They have indicated that they intend to designate an infectious disease expert based on the testimony of Dr. Brittany Glenn, which was taken in the state court action. Plaintiff is opposed to re-opening expert discovery for this or any other reason. First, re-opening expert discovery at this juncture would be prejudicial to Plaintiff – it would unnecessarily further delay resolution of this action, likely result in several additional months of briefing before the pending Motions for Summary Judgment could be heard, and would result in the necessary expenditure of thousands of additional dollars in rebutting this additional expert's opinions (including additional depositions of such rebuttal experts). This is an unreasonable and unnecessary delay. This is especially true since Dr. Glenn's "opinions" have ben known or knowable to Defendants since the inception of this case. Dr. Glenn was, until recently, an employee of the hospital Defendants and a percipient witness in this action. Such additional disclosures is improper, and would only unreasonably delay this action further.

///

///

---

**PLAINTIFF'S PROPOSED SCHEDULING ORDER**

3

## VI.     SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR)

Plaintiff is amenable to returning to ADR of a method of Defendant's choosing, including scheduling with another mediator from the Court's mediation panel. Defendants have stated that they are unwilling to return to ADR.

## VII.   TRIAL ESTIMATE

Plaintiff estimates that trial will be a 3-4 day jury trial. Plaintiff estimates calling 9-11 witnesses, excluding custodians of records. Plaintiff proposes a trial date of **January 21, 2025.** Plaintiff proposes a pre-trial conference date of **January 9, 2025.**

Plaintiff proposes that Trial Documents, set one, be due **December 12, 2024** and trial documents, set two, be due **December 26, 2025**.

Date:October 3, 2024

**CONLOGUE LAW, LLP**
**LAW OFFICES OF VONDRA & HANNA**

By: ___/s/Ashley M. Conlogue_____
   Kevin S. Conlogue, Esq.
   Ashley M. Conlogue, Esq.
   Phillip T. Vondra, Esq.
   Attorneys for Plaintiff, Sandra Shah

---

**PLAINTIFF'S PROPOSED SCHEDULING ORDER**